1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHARLES ANTHONY COSBY,

11             Plaintiff,                         CIV. NO. S-08-2183 JAM GGH PS

12        vs.

13
     FINANCIAL FREEDOM SENIOR
14   FUNDING CORPORATION, et al.,

15             Defendants.                        FINDINGS AND RECOMMENDATIONS
     _____/
16

17            Plaintiff is proceeding pro se in this action, referred to the undersigned pursuant to

18   Local Rule 72-302(c)(21).  Previously pending on this court's law and motion calendar for

19   August 27, 2009, was defendant U.S. Dept. of Housing and Urban Development's ("HUD")

20   motion to dismiss or in alternative for more definite statement.  Plaintiff appeared in pro se.

21   Defendant was represented by Bobbie Montoya.  After hearing oral argument and reviewing the

22   parties' papers, the court now issues the following findings and recommendations.

23   BACKGROUND

24            This case concerns plaintiff's claim that defendants violated his deceased

25   mother's rights by taking advantage of her mental illness in persuading her to sign an agreement

26   for a reverse mortgage.  The complaint alleges that defendants are now attempting to profit from

1

1   this agreement by foreclosing on decedent's residence.  Plaintiff alleges illegal business

2   practices, illegal lending, violation of Americans With Disabilities Act, violation of Senior

3   Protection Act, elder financial abuse, mortgage fraud and unjust enrichment.  Plaintiff seeks

4   monetary damages.  It is not clear whether plaintiff is also seeking injunctive relief.

5   DISCUSSION

6          Defendant HUD brings this motion to dismiss for failure to make a short and plain

7   statement under Fed. R. Civ. P. 8(a), for failure to state a claim under Fed. R. Civ. P. 12(b)(6),

8   and for failure to meet the heightened pleading standard for fraud under Fed. R. Civ. P. 9(b).  In

9   the alternative HUD moves for a more definite statement under Fed. R. Civ. P. 12(e).

10         A.  Standards

11         A district court has an independent duty to examine its own jurisdiction, which is

12  ordinarily determined from the face of the complaint.  Sparta Surgical Corp. v. National Ass'n. of

13  Securities Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998), quoting Lexecon, Inc. v. Milberg

14  Weiss Bershad Hynes & Lerach, 523 U.S. 26, 43, 118 S. Ct. 956, 966 (1998), and Ultramar

15  America Ltd. v. Dwelle, 900 F.2d 1412, 1414 (9th Cir. 1990).

16         Federal district courts are courts of limited jurisdiction.  U.S. Const. Art. III, § 1

17  provides that the judicial power of the United States is vested in the Supreme Court, "and in such

18  inferior Courts as the Congress may from time to time ordain and establish."  Congress therefore

19  confers jurisdiction upon federal district courts, as limited by U.S. Const. Art. III, § 2.  See

20  Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992).  Since federal

21  courts are courts of limited jurisdiction, a case presumably lies outside the jurisdiction of the

22  federal courts unless proven otherwise.  Kokkonen v. Guardian Life Ins. Co. of America, 511

23  U.S. 375, 376-78, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  Lack of subject matter

24  jurisdiction may be raised at any time by either party or by the court.  See Attorneys Trust v.

25  Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

26  \\\\\

1    Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,

2  520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th

3  Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se

4  plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before

5  dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

6    If a plaintiff has no standing, the court has no subject matter jurisdiction.

7    "[B]efore reaching a decision on the merits, we [are required to]
     address the standing issue to determine if we have jurisdiction."
8    Nat'l Wildlife Fed'n v. Adams, 629 F.2d 587, 593 n. 11 (9th
     Cir.1980).  "[T]he standing question is whether the plaintiff has
9    'alleged such a personal stake in the outcome of the controversy' as
     to warrant his invocation of federal-court jurisdiction and to justify
10   the exercise of the court's remedial powers on his behalf."  Warth
     v. Seldin, 422 U.S. 490, 498- 99, 95 S.Ct. 2197, 45 L.Ed.2d 343
11   (1975) (quoting Baker v. Carr, 369 U.S. 186, 204, 82 S.Ct. 691, 7
     L.Ed.2d 663 (1962)).  There are three requirements for standing:
12   (1) "a plaintiff must have suffered an 'injury in fact'--an invasion
     of a legally protected interest which is (a) concrete and
13   particularized and (b) actual or imminent, not 'conjectural' or
     'hypothetical;'" (2) "there must be a causal connection between the
14   injury and the conduct complained of--the injury has to be 'fairly ...
     trace[able] to the challenged action of the defendant, and not ...
15   th[e] result [of] the independent action of some third party not
     before the court;'" and (3) "it must be 'likely' as opposed to merely
16   'speculative,' that the injury will be 'redressed by a favorable
     decision.'"  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61,
17   112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (citations omitted)
     (alterations in original).

18

19  Washington Legal Foundation v. Legal Foundation of Washington, 271 F.3d 835, 847 (9th Cir.

20  2001) (en banc).

21    B.  Analysis

22    Upon questioning by the court at hearing, plaintiff conceded that his mother had

23  left no will, that he had not applied to be administrator of her intestate estate, and that he was not

24  listed on the title of the subject property as owning any interest in it.  It appears that all of

25  plaintiff's claims required an interest in the property or the estate, and if the latter, a legal right to

26  act on behalf of the estate.  Based on these facts, plaintiff has no legally protected interest in the

3

property, and therefore cannot have suffered an 'injury in fact,' or an invasion of any interest in this property.  As a result, the remaining factors required for standing do not come into play. Because plaintiff has no standing, the court has no subject matter jurisdiction over this case.[1]

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  This action be dismissed without prejudice for lack of subject matter jurisdiction.

2.  Defendant HUD's motion to dismiss, filed June 30, 2009, (dkt. # 29), is vacated as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge"s Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are

---

[1]  It appears from HUD's motion and reply that plaintiff can state no claim against this federal agency merely because it may have supplied forms for the reverse mortgage, may have endorsed the mortgage for insurance, or may hold a second mortgage under certain conditions.

Furthermore, HUD has not waived its sovereign immunity.  The United States, as a sovereign, may not be sued without its consent.  See e.g., United States v. Dalm, 494 U.S. 596, 110 S. Ct. 1361, 1368 (1990).  Such a waiver cannot be implied and, therefore, must be unequivocally expressed.  Id.  The sovereign immunity of the United States can be waived only if Congress enacts statutes consenting to suit.  See, e.g., United States v. Sherwood, 312 U.S. 584, 61 S. Ct. 767 (1941).  Moreover, the government's consent to be sued must be "'construed strictly in favor of the sovereign'" and "'not enlarge[d] ... beyond what the language requires.'" United States Dept. of Energy v. Ohio, 503 U.S. 607, 112 S. Ct. 1627, 1633 (1992) (citations omitted).  Where a suit has not been consented to by the United States, dismissal of the action is required.  See, e.g., Elias v. Connett, 908 F.2d 521 (9th Cir.1990).  Waiver of immunity must be demonstrated by the party suing the United States.  Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983).  Plaintiff has not demonstrated waiver.

Nevertheless, these issues need not be addressed as there is no standing jurisdiction.

1   advised that failure to file objections within the specified time may waive the right to appeal the

2   District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3   DATED: 09/10/09

4                                                              /s/ Gregory G. Hollows
                                                              _____
5                                                              GREGORY G. HOLLOWS
                                                              U. S. MAGISTRATE JUDGE
6   GGH:076/Cosby2183.stndg.wpd

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26